# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

DONNA GAIL DESKINS,            )
      *Plaintiff,*            )
                              )      Case No: 2:20-cv-00044
v.            )
                              )      Judge Christopher H. Steger
MARTIN O'MALLEY,            )
Commissioner of Social Security            )
Administration,            )
      *Defendant.*            )

## MEMORANDUM OPINION

### I.    Introduction

Plaintiff Donna Gail Haskins seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial of disability insurance benefits and disabled widow's benefits by the Commissioner of the Social Security Administration ("Commissioner") under Title II of the Act, 42 U.S.C. §§ 401-34 [*See* Doc. 1]. Plaintiff requests that the matter "either be reversed or remanded." [Doc. 23 at 18]. The parties consented to entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit [Doc. 20].

For reasons that follow, Plaintiff's Motion for Judgment on the Pleadings [Doc. 22] will be **GRANTED IN PART**, the Commissioner's Motion for Summary Judgment [Doc. 26] will be **DENIED**, and the Commissioner's decision will be **REMANDED** under Sentence Four of 42 U.S.C. § 405(g).

### II.    Procedural History

On January 5, 2017, Plaintiff applied for disability insurance benefits (Tr. 35). On September 2, 2016, Plaintiff applied for disabled widow's benefits (*id.*). Plaintiff's disability claim

was denied initially as well as on reconsideration (*id.*) As a result, Plaintiff requested a hearing before an administrative law judge (*id.*)

At a hearing on December 19, 2018, in which Plaintiff and her attorney both participated, Administrative Law Judge Sherman D. Schwartzberg ("the ALJ") heard testimony from Plaintiff and a vocational expert ("VE") (Tr. 35, 45). The ALJ then rendered his decision, finding that Plaintiff was not under a "disability" as defined by the Act (Tr. 44-45).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial; however, that request was denied (Tr. 1). Exhausting her administrative remedies, Plaintiff filed her Complaint [Doc. 1] on March 5, 2020, seeking judicial review of the Commissioner's final decision under § 405(g). The parties filed competing dispositive motions, and this matter is ripe for adjudication.

## III.    Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2021.

2.  It was previously found that the claimant is the unmarried widow of the deceased insured worker and had attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.

3.  The prescribed period ended on June 30, 2016.

4.  The claimant has not engaged in substantial gainful activity since March 22, 2016, the alleged onset date (20 C.F.R. § 404.1571 *et seq*.).

5.  The claimant has the following severe impairments: L1 compression fracture status post-surgery; degenerative changes of the spine; knee osteoarthritis; and left sacroiliitis (20 C.F.R. § 404.1520(c)).

6.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d),

2

404.1525, 404.1526).

7. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that she is limited to the following: stand/walk four hours; sit six hours; occasional foot controls with the biliteral lower extremities; occasional posturals except no crawling and no climbing ropes, ladders, or scaffolds; and avoid concentrated exposure to vibration and hazards.

8. The claimant is capable of performing past relevant work as a medical hospital insurance clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 404.1565).

9. The claimant has not been under a disability, as defined in the Social Security Act, from March 22, 2016, through the date of this decision (20 C.F.R. § 404.1520(f)).

(Tr. at 38-44).

## IV.    Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, a plaintiff must show that she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, she is not disabled; (2) if a claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment

meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If, at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. *Id.*; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Even if there is contrary evidence, the Commissioner's findings must be affirmed if substantial evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner "merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800

F.2d 535, 545 (6th Cir. 1986) (internal quotation omitted); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

V.      Analysis

Plaintiff testified that her worst physical problems are pain and spasms in her lower back stemming from a car accident in March 2016 (Tr. 62). She states that it is largely due to her back that she cannot work as she did before (Tr. 57). She was initially hospitalized from March 22-25, 2016, and was admitted to a rehabilitation hospital from March 25-April 12, 2016 [Doc. 23 at 2-3]. On May, 3, 2016, Plaintiff was admitted to the hospital with severe back pain and the next day she underwent surgery to attach rods and screws to her spine as part of a spinal fusion from T12-L2 (Tr. 735-36). Plaintiff was again hospitalized from July 8-15, 2016, due to severe back pain [Doc. 23 at 4]. She was then in inpatient rehabilitation from July 15-August 5, 2016 [*id.*]. Plaintiff experienced fluctuating levels of pain and had various complications with her back over the ensuing three plus years [*see id.* at 4-12].

Among other claims, Plaintiff states that "the [ALJ's] decision fails to provide an accurate

and logical bridge between the evidence in the record and his [RFC]." [Doc. 23 at 13]. Plaintiff specifically complains about the ALJ's discussion of the opinion evidence submitted by consultative examiner Dr. Robert Blaine and three State agency reviewing physicians[1] [*id.* at 14].

> The ALJ stated:
>
> As for the opinion evidence, little weight has been given to the opinions of the State agency physicians concerning the claimant's physical limitations because they are not well supported by medically acceptable clinical findings and diagnostic techniques and are inconsistent with other medical evidence. Little weight has been given to the assessment of Dr. Blaine because it is not well supported by exam findings and is inconsistent with the medical record. Further, new evidence has been submitted which was not reviewed by the State agency physicians or Dr. Blaine. The claimant's musculoskeletal impairments involving L1 compression fracture and degenerative changes of the spine improved with surgical intervention, and she received no more than conservative treatment subsequent to surgery.

(Tr. 43-44).[2]

The ALJ clearly noted that one limitation of the medical opinions of Dr. Blaine and the three State agency reviewing physicians is that they were based on partial information. This finding provides some support for his conclusion assigning little weight to their opinions.[3]

Based on the ALJ's finding in the paragraph quoted above, the last sentence (i.e., "*The claimant's musculoskeletal impairments involving L1 compression fracture and degenerative changes of the spine improved with surgical intervention, and she received no more than conservative treatment subsequent to surgery.*") is provided as specific evidence of exam findings and medical evidence inconsistent with the various opinions given by the four physicians. First, the ALJ claimed that Plaintiff's back impairments improved with surgical intervention. In one

---

[1] Dr. Blaine opined that Plaintiff had greater restrictions than the ALJ determined for Plaintiff while the three reviewing physicians opined that Plaintiff had lesser restrictions. [*See* Doc. 27 at 16-18]. Relatedly, the Court finds the Commissioner's argument to be more persuasive than Plaintiff's claim regarding Dr. Thrush's use of the word "underestimate." [*Compare* Doc. 23 at 13-14 *with* Doc. 27 at 18-19].

[2] The ALJ continued on to discuss other physical and mental impairments that are not germane to this analysis.

[3] However, the *content* of the new evidence also undermines his conclusion, as discussed below.

sense this is true, as Plaintiff was not hospitalized for back pain after August 2016. She had various

medical appointments at which she reported lower levels of pain and/or that she was moving better

[*see* Doc. 27 at 5-9]. However, she also had medical appointments with high pain levels and

various issues with her lumbar and thoracic spine [*see id.* at 8-9]. For example, a September 17,

2019 treatment note stated:

> Briefly, the patient is a . . . lady on whom I performed a prior thoracolumbar instrumentation[4] a few years ago. She had been eventually released from followup, but came back in with significantly worse low back pain. My PA ordered MRI of the lumbar spine which showed an acute superior endplate fracture of L5 with about 25% height loss. The patient had intractable back pain and so we offered her a vertebroplasty.[5]

(Tr. 101-02). This observation by the surgeon is inconsistent with the ALJ's finding that

"the spine improved with surgical intervention" and, by implication, the attendant problems

with pain resolved themselves. In fact, Plaintiff had times of very significant pain post-

surgery.

More significantly, the ALJ claimed that Plaintiff "received no more than

conservative treatment subsequent to surgery." On the contrary, Plaintiff underwent a

vertebroplasty procedure on September 17, 2019. This fact contradicts the ALJ's finding

that Plaintiff received only conservative treatment following her fusion surgery.

Additionally, the ALJ's reliance on his own assessment over that of the opining physicians

due to "new evidence" compounds the effect of the error because he did not accurately

---

[4] This is the back surgery that included the rods and screws as part of the T12-L2 spinal fusion.

[5] A vertebroplasty is a minimally invasive surgical procedure that involves injecting cement into a cracked or broken spinal bone. *Vertebroplasty*, Johns Hopkins Medicine, https://www.hopkinsmedicine.org/health/treatment-tests-and-therapies/vertebroplasty (last visited Mar. 29, 2024); *Vertebroplasty*, Mayo Clinic, https://www.mayoclinic.org/tests-procedures/vertebroplasty/about/pac-20385207 (last visited Mar. 29, 2024); *Vertebroplasty Procedure*, Spine-health, https://www.spine-health.com/treatment/back-surgery/vertebroplasty-procedure (last visited Mar. 29, 2024).

assess the new evidence.[6]

The ultimate inquiry is whether substantial evidence supports the ALJ's decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Here, the ALJ made some significant errors when weighing of the medical opinions about Plaintiff's physical capabilities, specifically regarding her back pain and spasms. Those capabilities are at the heart of the ALJ's RFC[7] because back pain was the primary source of Plaintiff's claim. The considerable effect of the ALJ's errors leaves the RFC short of the substantial evidence standard.

The Social Security Act authorizes "two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that, for good cause, was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . ., with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10–207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174); *see also White v. Comm'r of Soc.*

---

[6] The most recent of the four physician opinions was that of Jay Shaw, M.D., who reviewed submitted his evaluation on June 3, 2018—more than 15 months before Plaintiff underwent the vertebroplasty procedure. Thus, none of the four physician opinions took that procedure (and many other medical records) into account.
[7] And, naturally, at the heart of the ALJ's questions to the VE that made up the entire support for his conclusion that Plaintiff could perform past relevant work.

Case 2:20-cv-00044-CHS   Document 32   Filed 03/29/24   Page 8 of 9   PageID #: 1824

*Sec.*, 312 Fed.Appx. 779, 790 (6th Cir. 2009) ("If a court determines that substantial evidence does not support the [Commissioner's] decision, the court can reverse the decision and immediately award benefits only if all factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." (internal quotations omitted)). Here, there is insufficient support for the ALJ's findings. Therefore, this matter shall be remanded for rehearing under Sentence Four.

**VI.     Conclusion**

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgment on the Pleadings [Doc. 22] is **GRANTED IN PART**, the Commissioner's Motion for Summary Judgment [Doc. 26] is **DENIED**, and the decision of the ALJ is **REMANDED** for reconsideration.

     **SO ORDERED.**

                                        /s/ *Christopher H. Steger*
                                        UNITED STATES MAGISTRATE JUDGE